# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ROBERT SIMPSON, | ) | CASE NO. 4:12-cv-02874 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

*Pro se* petitioner Kenneth Robert Simpson ("petitioner" or "Simpson") filed the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner, who is confined in the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), names the United States of America and the Warden at FCI Elkton as respondents. He seeks an order vacating his guilty plea, a "restarting of proceedings," dismissal of the indictment filed against him, immediate release, and monetary damages. (Doc. No. 1 at 6.)

For the reasons set forth below, the petition is DISMISSED.[1]

## I. BACKGROUND

On March 18, 2010, petitioner was named in a two count indictment filed in the United States District Court for the Eastern District of Missouri. *United States v. Simpson*, No. 4:10-cr-00169, at Doc. No. 2 (E.D. Mo. 2010) (Sippel, J.). On February 15, 2011, petitioner entered a guilty plea to Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).

---

[1] Petitioner has also filed a Motion for Release Pending Hearing (Doc. No. 2) and a Motion to Waive *In Forma Pauperis* (Doc. No. 3). The Motion to Waive *In Forma Pauperis* is **DENIED**. Further, upon due consideration of the Court's dismissal of this action, petitioner's Motion for Release Pending Hearing is also **DENIED**.

*Id.* at Doc. No. 59. On May 12, 2011, Judge Rodney W. Sippel sentenced Simpson to 60 months in prison followed by a lifetime term of supervised release. *Id.* at Doc. No. 71. Petitioner is scheduled for release from prison on September 17, 2015. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

On May 13, 2011, counsel for petitioner filed a timely notice of appeal in the United States Court of Appeals for the Eighth Circuit. *Simpson*, No. 4:10-cr-00169, at Doc. No. 73. Counsel also moved to withdraw, filing a corresponding brief under *Anders v. California*, 386 U.S. 738 (1967).[2] *United States v. Simpson*, 448 F. App'x 640, 640 (8th Cir. 2011). Premised upon an ineffective assistance of counsel claim, petitioner's appeal sought to set aside the appeal waiver contained in his plea agreement. *Id.* Petitioner filed a separate motion *pro se* with the Eighth Circuit, seeking the same relief. *Id.* The Eighth Circuit declined to address Simpson's ineffective assistance of counsel claim, granted counsel's motion to withdraw, dismissed the appeal based on the appeal waiver, and dismissed petitioner's motion as moot. *Id.*

On November 23, 2011, petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri. *United States*

---

[2] In *Anders*, the Court set out an acceptable procedure for counsel's treatment of appeals believed to be frivolous:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744.

*v. Simpson*, No. 4:11-cv-02058, at Doc. No. 1 (E.D. Mo. 2011). In the motion, Simpson raised three grounds for relief: (1) his guilty plea was not intelligently entered; (2) counsel provided ineffective assistance; and (3) the federal court lacked jurisdiction. *Id.* On April 11, 2013, Judge Sippel issued a Memorandum and Order denying Simpson's § 2255 motion on the merits. *Id.* at Doc. No. 40. Petitioner appealed that decision to the Eighth Circuit on May 9, 2013. *Id.* at Doc. No. 45; *see also United States v. Simpson*, No. 13-2104 (8th Cir. 2013). That appeal is pending.[3]

Petitioner's § 2241 petition before this Court raises the same issues previously raised in his § 2255 motion in the Eastern District of Missouri. In his § 2241 petition, petitioner also avers that the Eastern District of Missouri has "refused to issue a ruling." (Doc. No. 1 at 7.) On this basis, petitioner claims entitlement to habeas relief under § 2241, because his § 2255 remedy "is inadequate and ineffective to test the legality of [his] detention." (Doc. No. 1 at 7.)

## II. LAW AND ANALYSIS

### A. Standard of Review

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

---

[3] Petitioner filed numerous other post-conviction motions in the trial court that are irrelevant to the instant matter.

### B. Simpson Has Not Shown That § 2255 Relief is Inadequate or Ineffective

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, § 2255 contains a "savings clause," which provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, "[i]f 'the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention,' then a prisoner may apply for a writ of habeas corpus under [28 U.S.C. § 2241]." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting 28 U.S.C. § 2255) (first alteration in original).

"It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). To be sure, § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Jackson v. Lamanna*, 191 F.3d 452 (table), 1999 WL 617958, at *2 (6th Cir. Aug. 12, 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A petitioner cannot claim his remedy pursuant to § 2255 is inadequate or ineffective simply because he was denied relief. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 758. To the contrary, "[t]he circumstances in which § 2255 is inadequate or ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief." *Peterman*, 249 F.3d at

461. Indeed, the court in *Peterman* recognized just how narrow: § 2255 had been held inadequate and ineffective only where petitioners were "effectively making a claim of 'actual innocence,'" and even then, only in the "common factual scenario" where petitioners who were "convicted of 'using' a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined 'use' in a restrictive manner in *Bailey v. United States*, 516 U.S. 137 (1995)." *Peterson*, 249 F.3d at 461–62.

Petitioner filed his § 2241 motion in this Court while his § 2255 motion was pending in the sentencing court. Subsequent to the filing of his § 2241 motion, the sentencing court disposed of petitioner's § 2255 motion, weighing the claims therein and finding them devoid of merit. Petitioner's § 2241 motion raises the same substantive issues as his § 2255 motion, with the additional argument that § 2255 relief is "inadequate or ineffective" because the sentencing court had "refused to issue a ruling." Said ruling, however, has issued. In short, petitioner provides nothing in support of his contention that § 2255 relief is inadequate or ineffective. Accordingly, his § 2241 petition lacks merit on its face and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, petitioner's petition for habeas corpus pursuant to § 2241 is **DISMISSED**. The Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 10, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**