# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ROBERT SIMPSON, | ) | CASE NO. 4:12-CV-2874 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| RESPONDENTS. | ) | |

Before the court are *pro se* petitioner Kenneth R. Simpson's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 9) and motion to expedite/compel. (Doc. No. 10.) Petitioner challenges this Court's July 10, 2013 Memorandum Opinion and Order dismissing the habeas petition he filed pursuant to 28 U.S.C. § 2241. (Doc. No. 7.) Petitioner asserts this Court should alter its judgment based on an error in law. For the reasons set forth below, the motions are **DENIED**.

Any motion captioned as a "motion for reconsideration" is construed as a Federal Civil Rule 59(e) motion to alter or amend judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). As such, petitioner was required to file his motion within 28 days from the date of the judgment he seeks to alter. Fed. R. Civ. P. 59(e). Because Simpson is a prisoner, the Court looks to the date on which he surrendered the document to prison officials. *See*, *e.g.*, *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (remonstrances to report and recommendation deemed punctually submitted if mailed by *pro se* convict within filing period), *cert. denied*, 493 U.S. 1059 (1990); *Dunn v. Ohio*, No. 93-3434, 1994 WL 677693, at *9 n.4 (6th

Cir. Dec. 2, 1994) (Rule 59(e) motion for reconsideration surrendered by a *pro se* inmate to prison authorities within the filing period shall be construed as timely filed) (citing *Smith v. Evans*, 853 F.2d 155, 161 (3d Cir. 1988)). Considering petitioner's averment that he placed the motion in the United States mail on July 26, 2013, he is within the 28 day deadline from this Court's judgment.

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) may not be used by a party to simply relitigate issues already decided or matters that could have been raised earlier. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) ("plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued'") (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Petitioner's original request for habeas corpus relief sought an order vacating his guilty plea, immediate release, dismissal of the indictment filed against him, and monetary damages pursuant to 28 U.S.C. § 2241. The petition was denied after this Court determined that he failed to establish that his remedy pursuant to 28 U.S.C. § 2255 was "inadequate and ineffective" to test the legality of his conviction and sentence. Petitioner argues his § 2255 remedy is inadequate and ineffective because the federal district court refused to substantively

address issues he raised in his motion to vacate.[1] He quotes *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999) for the proposition that a petitioner may challenge his conviction pursuant to § 2241 "if the [trial] Judge 'refuses to consider the arguments[s]'" in a § 2255 proceeding. (Doc. No. 9 at 44.)

The quotation from *Caravalho* on which he relies cites dictum from *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.) *cert. denied*, 382 U.S. 829, 86 S. Ct. 67, 15 L. Ed. 2d 73 (1965). The court in *Caravalho* interpreted the court in *Stirone* as "suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court delays inordinately consideration of the petition." *Caravalho*, 117 F.3d at 1178 (citing *Stirone*, 345 F.3d at 475). That conjecture notwithstanding, the court in *Stirone* concluded that if "petitioner's section 2255 motion has already been considered and disposed of by both the district court and the [court of appeals,]" then § 2255 was an effective remedy. 345 F.2d at 475. Petitioner's § 2255 motion has been considered by the district court and the court of appeals, so petitioner cannot rely on their refusal to consider his § 2255 motion as a basis for relief under § 2241.

Turning to Sixth Circuit law, although the exact scope of the savings clause is not explicit, the Sixth Circuit has concluded that § 2241 petitioners seeking to attack their convictions must show "an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Reminsky v. United*

---

[1] The motion to expedite/compel restates petitioner's complaints as to the sufficiency of his § 2255 proceedings, both in the federal district court and in the court of appeals. (Doc. No. 10.) The Court need not address this motion separately.

*States*, 523 F. App'x 327, 328 (6th Cir. 2013) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255.") (citations omitted). In the habeas context, actual innocence "means factual innocence, rather than mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). A § 2241 petitioner can show factual innocence by demonstrating "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Petitioner does not assert he is imprisoned for behavior that is no longer considered criminal due to an intervening change in the law. He simply does not fall within the savings clause. Contesting the scope of his previous proceedings under § 2255 is not a basis upon which he can argue his entitlement to relief under the savings clause.  Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (citation omitted).

Petitioner has failed to set forth a clear error of law, newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice. Thus, he has not stated a basis upon which this Court can grant relief from its judgment of July 10, 2013.

4

For the foregoing reasons, the motion for reconsideration (Doc. No. 9) and the motion to expedite/compel are **DENIED**. The Court certifies that an *in forma pauperis* appeal from this judgment may not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: February 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5